**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 21-mj-108-MEH**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**CHARL LE ROUX**

     **Defendant.**

---

**JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT AND TO
RESCHEDULE STATUS CONFERENCE**

---

The United States, by Matthew T. Kirsch, Acting United States Attorney for the District

of Colorado, and Bryan D. Fields, Assistant United States Attorney, and Charl Le Roux, by

Brandon W. Marshall, Esq., jointly move this Court to exclude the time period from and

including July 2, 2021 to August 31, 2021 (60 days) in computing the time within which an

indictment must be filed.   In support thereof, the parties state as follows:

     1.     On June 22, 2021, an arrest warrant was issued by the United States Magistrate

Judge Michael E. Hegarty on the basis of a criminal complaint charging the defendant with

falsification of records in violation of 18 U.S.C. § 1519.   The defendant was arrested on June

23, 2021 and appeared the next day, June 24, 2021, before the Honorable Matthew A. Stinnett in

the United States District Court for the Eastern District of Kentucky.   The defendant waived his

preliminary hearing and was released on conditions.   The parties are scheduled to appear in the

1

United States District Court for the District of Colorado on July 7, 2021 at 2:00 PM.   To

accomplish the ends detailed herein, below, the parties also respectfully request that the July 7

appearance be rescheduled for July 12, 2021 at 2:00 PM.

      2.      The Speedy Trial Act requires that a defendant be indicted within thirty days of

his initial arrest.   *See* 18 U.S.C. § 3161(b).   Therefore, the government must seek an indictment

from a grand jury on or before July 22, 2021.

      3.      A magistrate judge may issue orders excluding time under the Speedy Trial Act of

1974, 18 U.S.C. § 3161-74 after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and

57.1(b)(12).   18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes

that the ends of justice resulting from any delay outweigh the best interest of the public and the

defendant in a speedy trial.   The Court must make explicit findings justifying its reasoning, but

it "need not articulate facts which are obvious and set forth in the motion for the continuance

itself."   *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and

citations omitted).   Among the factors that the Court may consider when weighing whether to

exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that

the continuance, if granted, would accomplish the purpose underlying the party's expressed need

for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court

resulting from the continuance, and (4) the need asserted for the continuance and the harm the

moving party might suffer as a result of a denial of the continuance.   *United States v. West*, 828

F.2d 1468, 1469-70 (10th Cir. 1987).

      4.      The parties seek a 60-day exclusion of time for the following reasons:

            a.      Counsel for both parties are diligently reviewing the facts of this matter

for the purposes of exploring a pre-indictment resolution of this case.   The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have a reasonable time for the effective preparation of trial.

        b.       The parties are engaged in good faith negotiations toward a resolution that may result in a disposition of this matter without the need for a trial.   The parties need time to review discovery, negotiate, and forge agreements, and that could bring the instant matter to an expedient conclusion.   If no exclusion is granted, the government would be required to present the case to a grand jury 30 days after arrest, which would be on or before July 22, 2021. However, as a practical matter, because grand juries in this district do not meet every week, and because the government would need time to prepare for a presentation to the grand jury, the parties have considerably less than 30 days after arrest within which to actually negotiate. Therefore, the parties need an exclusion of 60 days in order to negotiate a resolution.   For these reasons, despite diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful and efficient conclusion of the case.

        c.       Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, and the Court.   Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury.   In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case.   Finally, a premature indictment would require the Court to expend resources related to overseeing the resulting case.

5.      The defendant expressly understands that his waiver is not predicated upon any

promises, agreements, or understandings of any kind between the government and the defense in

this case, and that nothing contained herein shall be construed to preclude the government from

proceeding against the defendant during or after the time period covered by his waiver.

WHEREFORE, the parties request, pursuant to 18 U.S.C. § 3161(h), that the time period

from and including July 2, 2021 to August 31, 2021 (60 days) be excluded in computing the time

within which an indictment or information must be filed.   Provided the Court grants the parties'

joint motion, the new Speedy Trial deadline by which the government must obtain an indictment

from a grand jury will be on or before September 20, 2021.

Respectfully submitted,


Matthew T. Kirsch
Acting United States Attorney


   /s/ Bryan Fields
Bryan D. Fields
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: bryan.fields3@usdoj.gov


Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully

understand all my rights with respect to a speedy trial, including my right to be charged by

indictment within 30 days of arrest, as required by 18 U.S.C. § 3161(b).   I have read this motion

for an extension of time to be charged by indictment, and carefully reviewed every part of it with

4

my attorney.   I understand this motion and voluntarily agree to it.

Date: _6/29/2021_                    _____
                                                          Charl Le Roux, Defendant

Defense Counsel's Signature:   I am counsel for the defendant in this case.   I have fully

explained to the defendant the defendant's right to be charged by indictment within 30 days of

arrest.   Specifically, I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I

have fully explained to the defendant the provisions that may apply in this case.   To my

knowledge, the defendant's decision to agree to an extension of time to be charged by indictment

is an informed and voluntary one.

Date: __06/29/2021__                    _____
                                                          Brandon W. Marshall, Esq.
                                                          Counsel for the Defendant

5

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 30, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

   /s/ Bryan Fields
Bryan D. Fields
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: bryan.fields3@usdoj.gov